IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JARED GABRIELE, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    -against-<br><br>CONAGRA FOODS, INC.<br><br>                    Defendant. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COSTS**<br><br>Case No. 14-5183 TLB |

Rule 54(d)(1) of the Federal Rules of Civil Procedure authorizes a court to award "costs" to the "prevailing party" in a lawsuit. Because Plaintiff Jared Gabriele voluntarily dismissed this action before the commencement of merits discovery, Defendant ConAgra Foods, Inc. ("ConAgra") is not a "prevailing party" within the meaning of Rule 54. Moreover, the vast majority of the dollars ConAgra asks this Court to assess are not allowable "costs" of litigation as defined by 28 U.S.C. § 1920. As such, ConAgra's Motion for Costs (the "Motion") should be denied.

**I.    ConAgra Is Not A "Prevailing Party" Entitled To Costs**

The United States Court of Appeals for the Eighth Circuit has expressly "disagree[d] with the . . . conclusion that . . . voluntary dismissal of [an] action ma[kes] defendants prevailing parties." *Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037 (8th Cir. 2001) (per curiam); *accord Nemeroff v. Abelson*, 620 F.2d 339, 350 (2d Cir. 1980) ("[G]enerally the defendant is not considered the prevailing party when, as here, there is a voluntary dismissal of the action by the plaintiff with prejudice."). Following the lead of *Sequa Corp.*, district courts within this Circuit have agreed that "there is no [] prevailing party [when] the matter was voluntarily dismissed." *Corner v. White*, No. 4:08CV958MLM, 2008 WL 4372734, at *2 (E.D. Mo. Sept. 22, 2002).

Plaintiff voluntarily dismissed this action less than two short months after the Court in large part denied ConAgra's Motion to Dismiss (*compare* Mem. Op. & Order, July 6, 2015, ECF No. 54, *with* Pl.'s Mot. Dismissal with Prejudice, Sept. 4, 2015, ECF No. 57), and ConAgra is therefore not a "prevailing party" under Rule 54, *see Sequa Corp.*, 245 F.3d at 1037; *Nemeroff*, 620 F.3d at 350.

This Court does have the discretionary ability to order the payment of costs, *Sequa Corp.*, 245 F.3d at 1037-38, but Plaintiff respectfully submits that the facts of this case do not justify the exercise of that discretion. More specifically, the reimbursement of costs is appropriate only when it is necessary to "curb abusive litigation practices, prevent undue delay in the disposition of cases, protect the orderly administration of justice, and maintain the dignity and authority of the court." *Warger v. Shauers*, No. CIV. 08-5092-JLV, 2010 U.S. Dist. LEXIS 96165, at *34-35 (D.S.D. Sept. 14, 2010). None of those factors is at play here. Plaintiff legitimately challenged ConAgra's practice of representing as "100% Natural" and "free of artificial ingredients and preservatives" products that actually contain synthetic ingredients. (*See, e.g.,* First Am. Compl. ¶ 19, ECF No. 5.) Experts agree that ConAgra runs afoul of federal law by characterizing its Hunt's products as "100% Natural" and "free of artificial ingredients and preservatives." (*See* Decl. F. Edward Scarbrough Supp. Pl.'s Mot. Class Certification, ECF No. 22-2.) Plaintiff has not engaged in abusive litigation practices, justifying an award of costs, by filing this case.

## II.     ConAgra Does Not Seek "Costs" Permitted By 28 U.S.C. § 1920

Even if ConAgra were a "prevailing party" under Rule 54, any costs to which it may be entitled "must be set out in 28 U.S.C. § 1920 or some other statutory authorization." *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). In particular, "the concept of taxable costs under rule 54(d) is . . . limited and represents those expenses . . . that a *court* will

2

assess against a litigant." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012) (emphasis added & quotation omitted). According to the Supreme Court, "[t]axable costs are limited to relatively minor, incidental expenses." *Id.* Taxable costs, if allowed, in the appropriate case, do not include the expert witness fees and travel bills sought by ConAgra. *See id.*; 28 U.S.C. § 1920. These costs are outside the scope of 28 U.S.C. § 1920, the Motion should be denied.

### III. CONCLUSION

For the reasons stated in this Opposition, ConAgra's Motion should be denied.

Dated: October 16, 2015.                Respectfully submitted,

/s/ Kenneth R. Shemin
Kenneth R. Shemin, ABA No. 78138
**SHEMIN LAW FIRM, PLLC**
3333 Pinnacle Hills Parkway, Suite 603
Rogers, AR 72758
Telephone: (479) 250-4764
Facsimile: (479) 845-2198


/s/ Thomas P. Thrash
Thomas P. Thrash (ABA No. 80147)
Marcus N. Bozeman (ABA No. 95287)
THRASH LAW FIRM, P.A.
1101 Garland Street
Little Rock, AR 72201
Telephone: (501) 374-1058
Facsimile: (501) 374-2222

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of October 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of this filing to all counsel of record registered with the CM/ECF system.

/s/ Kenneth R. Shemin
Kenneth R. Shemin